## Amos R. Holman *vs.* Adams Perry & another.

A woman, before marriage, conveyed to a trustee, with the assent of her intended husband, all the property, real and personal, which she then had, or might acquire after marriage, to be held by such trustee for her sole and separate use, and re served to herself, in the instrument of conveyance, full power to dispose of all such property, by will or otherwise : After marriage, she purchased and took a deed of real estate, which she, jointly with her husband, conveyed to the same trustee, for her sole and separate use : She afterwards executed her last will, thereby disposing of all the real estate, which had been " reserved " by her, and also of all such real estate as she might die seized and possessed of, which she might thereafter purchase : After the execution of the will, she purchased real estate of which she was the legal owner at her decease. *Held,* that she might lawfully dispose, by will, of all the estate which had been conveyed, as aforesaid, to the trustee, before the will was executed ; and that the will ought to be admitted to probate, although the real estate, acquired by the testatrix after the will was executed, might not pass thereby.

THIS was an appeal from a decree of the judge of probate for this county, approving and allowing a certain instrument "as the writing testamentary and appointment" of Martha Perry. The case was submitted to the court on the following documents and facts agreed : At the time of the execution of said instrument, the said Martha was the lawful wife of said Adams Perry, one of the appellees. Before their intermarriage, they executed, with Stephen Davis, an indenture in these terms :

"An indenture of three parts, made this first day of November 1830, by and between Patty Rich of Sutton, in the county of Worcester, widow, of the first part, Adams Perry of Oxford, in said county, husbandman, of the second part, and Stephen Davis, of said Oxford, Esquire, of the third part. Whereas a marriage is about to be solemnized between the said Adams Perry and Patty Rich, and upon the treaty of said marriage it is agreed by and between the parties thereto, that all the prop· erty of the said Patty shall be vested in the hands of the said Davis, as her trustee, for her sole and separate use, in manner as hereinafter provided : Now this indenture witnesseth, that the said Patty, in consideration of the premises, and of the covenants herein entered into by the said parties of the second and third parts, doth hereby bargain, sell, assign, and transfer unto the said Davis, all that real estate situated in the towns of Sut

ton, Oxford and Douglas, containing about two hundred and seventy acres, which she, the said Patty, holds by deed of mortgage from George C. Earle, dated April 4th 1827, and recorded in the registry of deeds for said county of Worcester, Book 257, page 445 : Also one pew in the Universalist meetinghouse in Oxford, and one pew in the Baptist meetinghouse in West Sutton : Also, all her shares in the Oxford, Sutton, and Douglas Turnpike : Also all her notes of hand, book accounts, household furniture, and other property of every description whatsoever, whether real, personal, or mixed, as well as all property which she the said Patty has, or may have, in remainder, reversion, by inheritance, bequest, devise or otherwise, at any time during her coverture with the said Perry ; to have and to hold the same unto the said Stephen Davis, his executors, administrators and assigns, in trust and for the purposes herein specified, to wit ; *Firstly*, to reimburse himself for all moneys paid, expenses incurred, and services rendered, in the execution of the several trusts herein devolved upon him, the said Davis : *Secondly*, to discharge all the liabilities and trusts devolved upon the said Patty, as executrix of the last will &c. of her late husband, Amos Rich, jointly with the said Davis ; and also all the liabilities and trusts devolved upon her, as executrix of the last will &c. of her late son, Amos Rich, jointly with one David Walker ; and, in short, to meet all the expenses and charges incident to a full and final settlement of each and both of said testators' estates, agreeably to their respective last wills and testaments. *Thirdly*, to pay to the said Perry, in case he should survive the said Patty, the sum of two hundred and fifty dollars. *Fourthly*, to hold all the residue of the property and estate of the said Patty to her sole and separate use, to be paid her at such times and in such sums, as she may request, her sole and separate receipt always to be a sufficient voucher for such payment ; and upon the decease of the said Patty, to pay and transfer to her executor, or administrator on her estate, all the moneys, property and effects then remaining in his hands, under this indenture of trust and settlement by such executor or administrator to be disposed of according to

the last will, &c. of the said Patty, or the law regulating the descent of the estates of intestates, as the case may be ; and the said trustee is hereby authorized to sell, manage and dispose of the said estate of the said Patty, in such a manner as he may think will be most for the advantage of the respective parties in interest, and the proceeds thereof to invest in such stocks, or otherwise, as he may see fit ; always rendering to the said Patty an account of all his doings in the premises, when thereunto by her requested. And the said Patty hereby reserves to herself full power to make such a disposition of her separate estate either by will or otherwise, as she may think proper ; provided it be not inconsistent with a full discharge of the several trusts herein devolved upon the part of the said Davis.

" And the said Adams Perry of his part, doth for himself, his heirs, executors and administrators, covenant to and with the said party of the third part ; that if said intended marriage shall take place, he, the said Perry, shall and will permit and suffer the said party of the first part to dispose of her said separate estate, as she shall think fit, in her lifetime, and to make such will for the disposition of the same after her decease, as she shall think proper ; hereby assenting to any such testamentary disposition of her estate, as she may heretofore have made, or may hereafter make, in as full a manner as if such assent was more specifically given thereto ; and finally the said Perry fully and freely assents to all the covenants, agreements, trusts, and other matters and things, herein contained.

" And the said Stephen Davis, for himself, his executors and administrators, does hereby covenant to and with the said parties of the first and second part, jointly and severally, and with their respective executors and administrators, that he will truly and faithfully perform and fulfil all and singular the trusts, duties, and obligations aforesaid, according to the true intent of these presents ; and that he will well and truly account to the said party of the first part, for all his doings in the premises, when thereunto by her requested ; and finally, that he will manage, to the best advantage he can, all the property and estate that may come to his hands by virtue of these presents." [Signed and sealed

by all the parties, and duly acknowledged by the said Patty to be her free act and deed.]

On the 19th of June 1838, the said Patty (by the name of Martha Perry) made and published her last will, reciting therein that she did it by virtue of an agreement made with her husband, Adams Perry, before their marriage. After giving several legacies, the testatrix devised her real estate, as follows :

" I give and devise to my husband, Adams Perry, and to my daughter, Martha Earle, the use and improvement of that portion of my real estate, which was reserved by me, and was a part of the estate owned by my late husband, Amos Rich, and also the use and improvement of such further real estate as I may die seized and possessed of, which I may hereafter purchase (if any) ; to have and to hold to them, the said Adams Perry and Martha Earle, during the natural life of the said Adams Perry. Also all the rest, residue and remainder of my estate, both real and personal, after paying my just debts ; amount secured by agreement to my husband Adams Perry, all legacies made by this will, and also by the will of my late hus·band, Amos Rich, and my late son, Amos Rich, which I am bound to pay ; my funeral expenses, and expenses of selling my estate ; I give and devise, in equal shares, to the children of my daughter, Martha Earle ; to have and to hold to them, their heirs and assigns for ever."

The testatrix appointed her husband, (the appellee) and her said daughter, Martha Earle, executors of her said will.

After the execution of the indenture above set forth, to wit, on the 5th of April 1831, Paris and George Tourtellot conveyed to the testatrix a tract of land in Sutton, for the con sideration of $ 312·50 ; and on the 13th of July 1835, the testatrix and her husband, said Adams Perry, conveyed the same tract to the said Stephen Davis, by a quitclaim deed, and, as is expressed in said deed, " in consideration of the covenants entered into by said Davis, as trustee of said Martha Perry," to have and to hold the same " in trust for the sole and separate use of the said Martha."

After the execution of said will, to wit, on the 23d of June

1838, Leonard Pierce, for the consideration of $ 140, conveyed to the testatrix another tract of land in Sutton ; which land was her property at the time of her decease.

This case was argued at the last October term.

*Newton*, for the appellant.

*C. Allen*, for the appellee.

DEWEY, J. Married women have not the same authority as femes sole to dispose of their interest in real estate by a last will and testament. Any devise by them of their real estate, in order to be made available to the devisees, must have its foundation in, and acquire its efficacy from, some special power retained or acquired by them to make a testamentary disposition of their estate. But there can be no doubt, that in reference to property which has been thus preserved under her control, the will of a married woman may be as effectual in the disposition of that property, as the will of any other individual in passing his estate. Such a will may have force and effect as a testamentary paper, or instrument, directing the disposition of property by virtue of a power reserved to her in a marriage settlement or ante-nuptial contract. "Wherever a trust is created or a power is reserved by a settlement, to enable the wife after marriage to dispose of her separate property, either real or personal, it may be executed by her in the very manner provided for, whether it be by deed, or other writing, or by a will or appointment." 2 Story on Equity, § 1388. If the real estate of a feme is, before her marriage, conveyed to a trustee to hold to her separate use, and by articles of marriage settlement she is authorized to dispose of the same by will, then a disposition of such estate by will is a valid and legal disposition of the same, though she is under coverture when she makes such will. *Wright* v. *Englefield*, Amb. 468. *Wright* v. *Cadogan*, 6 Bro. P. C. (1st ed.) 156. *Peacock* v. *Monk*, 2 Ves. sen. 190. *Bradish* v. *Gibbs*, 3 Johns. Ch. 536, and cases there cited. The duty of the court of probate to approve and allow a will of a married woman, when necessary to give effect to her power of disposal of real estate, was fully admitted in the opinion of this court, in the case of *Osgood* v. *Breed*, 12 Mass. 525.

Holman *v.* Perry & another.

Whether a married woman can make a devise of real estate which has not been conveyed to a trustee, but of which she and her husband are seized in her right, is a question, which, although discussed in the argument of the present case, we have not found it necessary to decide. The question before us is as to the right of probate and allowance of this will ; and all that it is necessary for us to consider is, whether there is any property upon which it can legally operate. And it is very clear, that as to the real estate which may have passed to Davis, the trustee, under the ante-nuptial agreement by indenture, and also as to the real estate which the testatrix held under the deed from P. and G. Tourtellot, and afterwards, jointly with her husband, conveyed to said trustee, she had the power of disposal thereof by will ; and this will ought to be allowed and approved, so far as is necessary to give effect to her disposal of the same.

But the appellant insists, that at least as to a part of the land devised, namely, that conveyed to the testatrix by Leonard Pierce, in 1838, and of which the legal estate remained in her and her husband, this will cannot operate. And it is then contended, that if the will is inoperative upon a portion of the lands devised, it should be wholly disallowed. We cannot assent to the correctness of this position last stated. We are aware that by statute provisions formerly existing, (*St.* 1783, *c.* 24, § 9,) a will purporting to pass both real and personal estate, but not so executed as to pass the former, could not be allowed as valid will of the personal estate. But we apprehend that this principle was never so applied as to furnish a valid objection to the probate of a will, where from some defect, or incapacity to devise, a part of the real estate, which was given by the will, could not pass. Take the case of a testator, who was disseized of one parcel of the land devised. Would this defeat the whole will ?

The probate of a will does not necessarily settle any question of title to real estate arising under such will. It establishes the due execution of the will by the testator, and is conclusive thus far ; but as to his title, or his right to devise the property named in the will, it binds nobody who has any adverse interest.

42 *

Questions of that character are to be settled by proper proceedings at law, or in equity. We cannot, as the supreme court of probate, settle the rights of the parties to the real estate which may be claimed under this will. The question may come up incidentally ; and if there were only one parcel of land which could possibly be affected by the probate of this will, and the court were satisfied that it could not pass by the will, then perhaps probate might be refused, inasmuch as this is a case of a mere limited or qualified probate of an instrument made in the execution of a power. But if the court are satisfied that any land can pass by the will, that is all which is requisite to authorize and require the approval of the will. We therefore think that the objection taken by the appellant could not avail him, if the land above referred to should not pass by the will. But whether it does so pass, is, as before suggested, a question more properly raised in some other mode than the present.

The result will be, therefore, that the instrument, offered as the last will and testament of Martha Perry, be approved and allowed, and have full force and effect as such, so far as the same can operate, in law or equity, upon any and all property, real or personal, of said testatrix, or upon any property subject to her disposal by way of appointment, creation or declaration of trust, or otherwise, so far as she, under the indenture before referred to, or otherwise, had authority, while a feme covert, to make any appointment or disposition, or create or declare any such trust of or respecting any such real or personal property.